UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

TARA DUNCAN,

     Plaintiff,

v.

PEARSON EDUCATION, INC.
JOHN DOE CORPORATION, an unnamed
corporate entity, and JOHN DOE, an
unnamed individual in his official and
individual capacity,

     Defendants.

_____/

## DEFENDANT PEARSON EDUCATION, INC.'S NOTICE OF REMOVAL

Defendant, PEARSON EDUCATION, INC.,[1] ("**Pearson**" or "**Defendant**"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 gives notice that it is removing the action styled *Tara Duncan v. Pearson Education, Inc, John Doe Corporation, and John Doe*, Case No. 21-CA-012942, currently pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida. Removal is appropriate because there is diversity of citizenship between the Plaintiff, TARA DUNCAN ("**Plaintiff**") and Defendants, Pearson, John Doe Corporation, and John Doe, and the amount in controversy exceeds $75,000.00.

---

[1] Pearson Education, Inc. is not the proper party to this litigation. Rather, the allegations raised in the Amended Complaint relate to a different legal entity, NCS Pearson, Inc. Notwithstanding, NCS Pearson, Inc.'s state of incorporation is Minnesota and Pearson Education, Inc.'s state of incorporation is Delaware. Therefore, even if NCS Pearson, Inc. is later substituted in place of Pearson Education, Inc., there will still be diversity of citizenship with the Plaintiff, who is a citizen of Florida. Pearson Education, Inc. expressly reserves the right to bring a motion seeking to substitute in its place the proper party defendant.

## THE STATE COURT ACTION

1.      On or about November 22, 2021, Plaintiff commenced a civil action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida as Case No. 21-CA-012942 by filing its complaint. *See* **Composite Exhibit "A."**

2.      On December 23, 2021, Pearson was served with a copy of the summons and complaint. *Id.*

3.      On January 12, 2022, Pearson filed its Partial Motion to Dismiss, or in the alternative, Motion to Strike Plaintiff's Claim for Punitive Damages. *Id.*

4.      On January 20, 2022 Pearson served its First Requests for Admission to Plaintiff solely targeted to the amount of damages sought by Plaintiff in its Complaint as the same was not discernable from Plaintiff's allegations and solely for purposes of evaluating removal. *Id.*

5.      On February 9, 2022, Plaintiff served its Responses to Pearson's First Request for Admissions in which Plaintiff "Admitted" that "the damages [Plaintiff] seek from the claims asserted in [the] Complaint exceed the sum or value of $75,000.00, exclusive of interest and costs" and "Admitted" that its "Complaint does not specify the amount of damages [Plaintiff] seek[s]" other than the assertion that "damages [are] in excess of [the State Court's] minimum jurisdictional amount exclusive of attorney's fees and costs." *See* **Exhibit "B"** (Responses to Requests for Admission.)

6.      On February 18, 2022, Plaintiff filed an Amended Complaint ("**Amended Complaint**"). *See* **Composite Exhibit "A."** The sole differences between the original Complaint and the Amended Complaint was the removal of Plaintiff's request for punitive damages and demand for a jury trial.

## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

7.      Removal is proper pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction based upon 28 U.S.C. § 1332(a) as there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### Diversity of Citizenship

8.      As set forth more in Plaintiff's Amended Complaint, Plaintiff is a resident of Palm Beach County, Florida. *See* **Composite Exhibit "A."**

9.      Pearson Education, Inc. is a Delaware corporation with its principal place of business in New Jersey.

10.     NCS Pearson, Inc. is a Minnesota corporation with its principal place of business in Minnesota.

11.     Defendant John Doe Corporation is a citizen of New York.

12.     The citizenship of Defendant John Doe is unknown but presumed by Pearson to be New York.

### Amount in Controversy

13.     Pursuant to 28 U.S.C. §§ 1446(b)(3) and (c)(3)(A), Defendant promptly served its First Request for Admissions as an "other paper" to ascertain whether diversity jurisdiction exists.

14.     Plaintiff's Responses to Defendant's First Request for Admissions admit that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and that its complaint does not specify the amount in controversy exceeds $75,000.00. As such, Defendant was first notified of the basis for removal on February 9, 2022, the date Plaintiff served her Responses to Defendant's First Requests for Admissions. *See* **Exhibit "B."**

39645530.7

## OTHER PROCEDURAL REQUIREMENTS

15.     Venue for the purposes of removal is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Palm Beach County, Florida is within the Southern District of Florida.

16.     This notice of removal is filed within the thirty-day period from which it could first be ascertained that the case is one which is or has become removable set forth in 28 U.S.C. § 1446(b)(3). Pearson received Plaintiff's Responses to Pearson's First Request for Admissions on February 9, 2022, the first paper in which it was ascertained that the amount in controversy requirement of 28 U.S.C. §1332(a) is satisfied, attached as **Exhibit "B."**

17.     Pearson has attached as **Composite Exhibit "A"** all process, pleadings, and orders served on it in the state court action, as required by 28 U.S.C. § 1446(a).

18.     Written notice of the filing of this notice of removal will be promptly served upon Plaintiff, and a true copy of this notice of removal and the accompanying documents will be filed with the Clerk of the state court, as required by 28 U.S.C.§ 1446(d). A copy of the Notice to State Court of Removal, without attachments, is attached as **Exhibit "C."**

WHEREFORE, PEARSON EDUCATION, INC., respectfully requests that the action styled *Tara Duncan v. Pearson Education, Inc, John Doe Corporation, and John Doe*, Case No. 21-CA-012942, currently pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida be removed to this Court, and also requests that this Court accept jurisdiction of this action, place this action upon the docket of this Court for further proceedings, as if the action originally had been instituted in this Court, and make such further orders as are just and equitable.

DATED: February 23, 2022.

4

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**
*Counsel for NCS Pearson, Inc.*
701 Brickell Avenure, Suite 1700
Miami, Florida 33131
Telephone: (305) 428-4500
Facsimile: (305) 374-4744
E-Mail:       steven.appelbaum@saul.com
              Jessica.barrero@saul.com
              Annie.rosenthal@saul.com


By:  /s/    Steven M. Appelbaum
Steven M. Appelbaum
Florida Bar No. 71399
Annie D. Rosenthal
Florida Bar No. 1031335

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via the Southern District's CM/ECF Filing System and served via e-mail on February 23, 2022 upon: Jordan Sacks, Esq., Katranis, Wald & Garner, PLLC,  501 E Las Olas Blvd., Fort Lauderdale, FL 33301, service@kwgleagal.com, jordan@kwglegal.com, Stefano@kwglegal.com.

By:    _/s/ Steven M. Appelbaum_
Steven M. Appelbaum

# COMPOSITE

# EXHIBIT A

# JOSEPH ABRUZZO
### CLERK OF THE CIRCUIT COURT & COMPTROLLER
### PALM BEACH COUNTY

**CASE NUMBER: 50-2021-CA-012942-XXXX-MB**
**CASE STYLE: DUNCAN, TARA V PEARSON EDUCATION INC**

| Search Criteria | Search Results | Case Info | Party Names | Dockets & Documents | Case Fees | Court Events |
|---|---|---|---|---|---|---|

View documents and order certified copies. See our eCaseView FAQ for step-by-step guidance and information about what documents are available online.

**Document Icons**

🖺 Document available. Click icon to view.
🛒 Add a certified copy of the document to your shopping cart.
🔒 Document is Viewable on Request (VOR). Click to request.
⊙ VOR document is being reviewed. Click to be notified when available.

**0**

Public = 🖺    VOR = 🔒    In Process = ⊙    Page Size: 25 ▾

| | | **Docket Number** | **Effective Date** | **Description** | **Notes** |
|---|---|---|---|---|---|
| 🖺 | 🛒 | 2 | 11/22/2021 | CIVIL COVER SHEET | |
| 🖺 | 🛒 | 3 | 11/22/2021 | COMPLAINT | FOR DAMAGES & DEMAND FOR JURY TRIAL; F/B PLTF |
| 🖺 | 🛒 | 4 | 11/22/2021 | ~~CORRECT AND RESUBMIT SUMMONS NOT ISSUED 1. DID NOT ISSUE; NEED DEFENDANT NAME; 2. CASE MANAGEMENT STANDING ORDER MUST BE ATTACHED TO THE SUMMONS PER AO 3.107. GO TO WWW.15THCIRCUIT.COM/CIVIL-DIFFERENTIATED-FORMS-AND-ORDERS TO DOWNLOAD A COPY. | Jordan@kwglegal.com;Service@kwglegal.com;jlopez@kwglegal.com 1. DID NOT ISSUE; NEED DEFENDANT NAME; 2. CASE MANAGEMENT STANDING ORDER MUST BE ATTACHED TO THE SUMMONS PER AO 3.107. GO TO WWW.15THCIRCUIT.COM/CIVIL-DIFFERENTIATED-FORMS-AND-ORDERS TO DOWNLOAD A COPY. |
| 🖺 | 🛒 | 5 | 11/22/2021 | NOTICE OF EMAIL DESIGNATION | FB PLTF |
| | | 1 | 11/29/2021 | DIVISION ASSIGNMENT | AB: Circuit Civil Central - AB (Civil) |
| 🖺 | 🛒 | 6 | 11/29/2021 | PAID $411.00 ON RECEIPT 4261917 | $411.00 4261917 Fully Paid |
| 🖺 | 🛒 | 7 | 12/14/2021 | SUMMONS ISSUED | Jordan@kwglegal.com;Service@kwglegal.com;jlopez@kwglegal.com AS TO DFT PEARSON EDUCATION INC |
| 🖺 | 🛒 | 8 | 12/29/2021 | SERVICE RETURNED (NUMBERED) | PLAINTIFFS' NOTICE OF FILING VERIFIED RETURN OF SERVICE SERVED PEARSON EDUCATION INC - 12/23/2021 |
| 🖺 | 🛒 | 9 | 01/12/2022 | MOTION TO DISMISS | (PARTIAL) OR IN THE ALTERNATIVE MOTION TO STRIKE PLAINTIFFS CLAIM FOR PUNITIVE DAMAGES FILED BY NCS PEARSON INC |
| 🖺 | 🛒 | 10 | 01/13/2022 | NOTICE OF APPEARANCE CIVIL | TO ADD COUNSEL AND DESIGNATION OF EMAIL ADDRESS F/B ATTY ROSENTHAL OBO DFT PEARSON EDUCATION INC |

| | | 11 | 01/20/2022 | REQUEST FOR ADMISSIONS | DEFENDANT NCS PEARSON, INC.'S FIRST REQUESTS FOR ADMISSION 1-5 |
| | | 12 | 02/09/2022 | RESPONSE TO REQ FOR ADMISSION | PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS |

517-02aef9cd-8e4b-4cab-889c-a4c4d37a91cf

**** CASE NUMBER: 502021CA012942XXXXMB Div: AB ****

Filing # 138969615 E-Filed 11/22/2021 11:05:51 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

TARA DUNCAN,

                Plaintiff,

v.

PEARSON EDUCATION, INC.,
JOHN DOE CORPORATION, an unnamed
Corporate Entity, and JOHN DOE, an
unnamed individual in his Official and
individual capacity,

                Defendants.

CASE NO.

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, TARA DUNCAN, by and through the undersigned attorneys, and hereby sues Defendants, PEARSON EDUCATION, INC., (hereinafter "PEARSON"); JOHN DOE CORPORATION (hereinafter "JOHN DOE CORP"); and JOHN DOE (hereinafter "JOHN DOE"), an unnamed individual, in his Official and individual capacity, and in support thereof states the following:

## GENERAL ALLEGATIONS

1. This is a claim for damages in excess of this Court's minimum jurisdictional amount exclusive of attorney's fees and costs.

2. At all times material hereto, Plaintiff, TARA DUNCAN, was and is a resident of the county of this court, over the age of majority, and is otherwise sui juris.

3. At all times material hereto, Defendant, PEARSON EDUCATION, INC., was and is a Florida corporation, operating under the laws of the State of Florida, or in the alternative, had agents, employees or other representatives in Palm Beach County, Florida. That at all times material, this Defendant was a provider of education services engaged in digital on-line and educator professional development courses offering its services to teachers and

students worldwide.

4.    At all times material hereto, Defendant, JOHN DOE CORP, was and is a Florida corporation, operating under the laws of the State of Florida, or in the alternative, had agents, employees or other representatives in Palm Beach County, Florida.

5.    The identity of JOHN DOE CORP, will be revealed through discovery.

6.    At all times material hereto, Defendant, JOHN DOE, was employed by PEARSON and/or JOHN DOE CORP and at the time of the subject incident, JOHN DOE was within the course and scope of his employment and/or under the direction of the Defendants, PEARSON and/or JOHN DOE CORP.

7.    That at all times material, the Defendant, JOHN DOE /JOHN DOE CORP was contracted by PEARSON to assist in proctoring online remote examinations administered through PEARSON. (Contract is not in Plaintiff's possession but rather in the possession of Defendants, PEARSON and/or JOHN DOE CORP.)

8.    That at all times material a contract existed between Defendants, PEARSON and Co-Defendant JOHN DOE CORP to provide remote educational services.

9.    JOHN DOE was an employee, agent, or servant of Defendant PEARSON and was acting within the course and scope of his employment, agency, or servitude.

10.   JOHN DOE was an employee, agent, or servant of Defendant JOHN DOE CORP and was acting within the course and scope of his employment, agency, or servitude.

11.   On or about December 11, 2020, JOHN DOE was a remote examination proctor responsible for monitoring the NCBB remote examination taken by TARA DUNCAN.

12.   On or about December 15, 2020, PEARSON became aware that during the remote examination JOHN DOE required TARA DUNCAN to bring her computer to the restroom with her or otherwise fail her exam.

13.   Venue for the subject action is proper in Palm Beach County, Florida as the subject incident

occurred there and all Defendants either reside and/or do business there.

14.   On December 11, 2020, Plaintiff, TARA DUNCAN, sat for the NBCC National Counselor Examination, which was proctored remotely.

15.   All communications related to the examination that were directed to Ms. DUNCAN stated the exam would be proctored and administered by PEARSON. Ms. DUNCAN was reasonable in this assumption and had no basis to believe otherwise.

16.   During the same time period, Ms. DUNCAN had an immediate urge to use the restroom. Ms. DUNCAN repeatedly inquired with the proctor, Defendant JOHN DOE, when there would be an opportunity for her to use the restroom.

17.   Defendant JOHN DOE was made aware that Ms. DUNCAN was in physical and emotional discomfort from the need to relieve herself during the examination.

18.   Defendant JOHN DOE was unable to provide  Ms. DUNCAN with an answer or direction regarding when the next testing break would take place and was unwilling to inquire or seek an answer for Ms. DUNCAN while she continued to take the online exam in physical discomfort.

19.   After several inquiries by Ms. DUNCAN regarding the next restroom break, Defendant JOHN DOE told Ms. DUNCAN that she could take her computer to the restroom with her while she relieved herself or otherwise fail the exam.

20.   JOHN DOE specified to Ms. DUNCAN that she must leave her camera and microphone on during this period, or fail the examination.

21.   Defendant PEARSON was notified by Ms. DUNCAN of the incident on or about December 15, 2020.

22.   Defendant PEARSON acknowledged the inappropriate behavior and conduct of the proctor, JOHN DOE.

<u>**COUNT I**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>

23.     Plaintiff, TARA DUNCAN, realleges and incorporates by reference paragraphs 1-22 as if fully set forth herein, and further alleges as follows:

24.     During the examination on December 11, 2020, the proctor, JOHN DOE, intentionally directed Ms. DUNCAN to urinate in front of him or otherwise fail her exam.

25.     Both JOHN DOE and PEARSON would know this clearly outrageous conduct to cause the intense emotional distress Ms. DUNCAN has since suffered because of these actions.

26.     The intentional, reckless, and egregious conduct of PEARSON's proctor, JOHN DOE caused Ms. DUNCAN to suffer emotional distress.

27.     The conduct of the proctor, JOHN DOE, in telling Ms. DUNCAN she was required to bring her laptop to the bathroom while she urinated was outrageous, as to go beyond all bounds of decency and regarded as odious and utterly intolerable in a civilized community.

28.     Ms. DUNCAN's use of the restroom is of such a personal and permanent nature that knowingly and intentionally preventing someone from being able to use the restroom in privacy must be considered extreme and outrageous.

29.     JOHN DOE's conduct caused severe emotional distress to Ms. DUNCAN.

30.     The emotional distress experienced by Ms. DUNCAN was severe.

31.     The conduct caused, and continues to cause, severe emotional distress for Ms. DUNCAN.

32.     Ms. DUNCAN has been damaged by this conduct in the form of severe emotional distress.

33.     As a direct and proximate result of Defendant JOHN DOE's intentional infliction of emotional distress, the Plaintiff has been required to retain the services of the undersigned attorneys, and the Plaintiff has become obligated to pay its counsel a reasonable fee for their services in bringing this action, along with necessary costs incurred.

34.     The conduct of the proctor, JOHN DOE, in telling Ms. DUNCAN she was required to bring her laptop to the bathroom while she urinated was intentional or reckless and was

committed within the course and scope of his employment with PEARSON and JOHN DOE CORP.

35.     As a direct, proximate and foreseeable result of the intentional infliction of emotional distress to Plaintiff by JOHN DOE, the Plaintiff, TARA DUNCAN, was injured, and claims the following items of damage:

    a.  Past, present and future medical and related expenses;

    b.  Past, present and future physical and mental pain and suffering;

    c.  Past, present and future shame, humiliation, disability, discomfort, and the loss of the capacity for the enjoyment of life;

    d.  Past, present and future mental anguish, emotional distress, degradation, embarrassment and loss of dignity.

36. The injuries and damages suffered by the Plaintiff, TARA DUNCAN, are permanent and/or continuing in their nature and TARA DUNCAN has suffered from the same in the past and will continue to suffer from the same in the future.

## COUNT II
## RESPONDEAT SUPERIOR

37.     Plaintiff realleges and incorporates by reference paragraphs 1-36 as if fully set forth herein, and further alleges as follows:

38.     Defendant PEARSON is vicariously liable for the actions of JOHN DOE under the doctrine of *respondeat superior*. PEARSON had implied and/or actual notice of JOHN DOE's inappropriate and/or illegal conduct while acting as an examination proctor thereby subjecting Plaintiff, TARA DUNCAN to harmful and inappropriate conduct.

39.     At all times material hereto, Defendant, PEARSON, owed a duty to protect students and customers, including the Plaintiff, TARA DUNCAN, from reasonably expected and/or foreseeable physical harm arising out of the activities of the ownership, management, and operation of the Defendant's business.

40. Defendant, PEARSON, breached the above-described duty, by and through its agents, servants, and/or employees by one or more of the following acts of omission and/or commission:

    a. By failing to prevent, limit, and/or avoid the emotional harm upon the Plaintiff caused by Defendant's agent, servant and/or employee, JOHN DOE;

    b. By allowing, JOHN DOE, to act on behalf of the Defendant, PEARSON;

    c. Failing to supervise its agents, servants, and/or employees;

    d. By implementing and/or allowing policies and procedures that allowed and/or failed to prevent its agents, servants, and/or employees from extreme and outrageous conduct inflicted;

    e. Failing to properly train JOHN DOE, and/or other agents, servants, and/or employees of Defendant;

    f. By failing to have policies and procedures in place for its agents, servants and employees as to how to use reasonable and ordinary care in the furtherance of the Defendant's business interests.

41. PEARSON'S acceptance, approval and/or failure to stop the actions of its agent, servant, and/or employee on or about December 11, 2020, was deliberate, willful, and malicious with the intent to inflict emotional distress on the Plaintiff.

42. The Defendant, PEARSON, through its agents, servants, and employees acted with reckless disregard towards the Plaintiff in allowing such outrageous conduct.

43. The Defendant, PEARSON's approval and/or failure to stop the outrageous conduct and harassment of which it was fully aware, by its agents, servants, and/or employees was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

44. The Defendant, PEARSON, its agents, servants, and/or employees committed these acts of

abuse while in the course and scope of their employment and with its consent and actual knowledge.

45. Defendant PEARSON and Defendant JOHN DOE CORP are responsible for the intentional infliction of emotional distress committed by Defendant JOHN DOE upon the person of Ms. DUNCAN, in that the intentional infliction of emotional distress was intentional, was committed within the course and scope of the JOHN DOE's employment with PEARSON and JOHN DOE CORP, such that the doctrine of respondeat superior applies to this action.

46. Due to the infliction of this tortious conduct upon Ms. DUNCAN, and the relationship between the perpetrator of this conduct and PEARSON, she is entitled to recovery from PEARSON, not only for the harm caused, but also in the form of punitive damages.

47. The injuries and damages suffered by the Plaintiff, TARA DUNCAN, are permanent and/or continuing in their nature and TARA DUNCAN has suffered from the same in the past and will continue to suffer from the same in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, including but not limited to compensatory damages, punitive damages, attorney fees and costs, and the Plaintiff demands trial by jury on all issues so triable and any such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, TARA DUNCAN, demands a jury trial on all issues so triable of each and every one of the Counts set forth above.

RESPECTFULLY submitted this 22nd day of November 2021.

Respectfully submitted,

**KATRANIS, WALD & GARNER, PLLC**
501 E Las Olas Blvd., Suite 200/300
Fort Lauderdale, Florida 33301
Tel.: (754) 231-8107
E-Service Email: service@kwglegal.com
Primary Email: Jordan@kwglegal.com
Secondary Email: Stefano@kwglegal.com

By: /s/ Jordan Sacks, Esq.
　　　Jordan Sacks, Esq.
　　　Florida Bar No.: 122521

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.  21-CA-012942

TARA DUNCAN,

                Plaintiff,

v.

PEARSON EDUCATION, INC.,
JOHN DOE CORPORATION, an unnamed corporate entity, and JOHN DOE, an unnamed individual in his official and individual capacity,

                Defendants.

_____/

## **DEFENDANT NCS PEARSON, INC.'S FIRST REQUESTS FOR ADMISSION 1-5**

Defendant NCS Pearson, Inc.[1], pursuant to Florida Rule of Civil Procedure 1.370, requests that Plaintiff Tara Duncan, admit or deny the following:

## **DEFINITIONS**

1.       "Plaintiff," "Duncan," "You," and/or "Your," shall mean, collectively, Plaintiff Tara Duncan and any of her current or former agents or other persons acting, or purporting to act, on behalf of Plaintiff.

2.       "Defendant" shall mean NCS Pearson, Inc., and any of its current or former officers, directors, agents, representatives, employees, partners, associates, personnel, successors,

---

[1] Pearson Education, Inc. is not the proper party to this litigation.  This Request for Admission is requested on behalf of NCS Pearson, Inc.

predecessors, divisions, related entities, subsidiaries, parent corporations, assignees, or other persons acting, or purporting to act, on behalf of Defendant.

3.      The term "Action" shall mean the case entitled *Tara Duncan v. Pearson Education, Inc., John Doe Corporation, and John Doe*, Palm Beach County Circuit Court Case No.: 21-CA-012942.  The term "Complaint" shall refer to the pleading of the same name filed in the above-mentioned Action.

4.      Any and all terms used in these requests shall have the same meaning as those used in the Complaint filed in this Action.

## REQUESTS TO ADMIT

1.      Admit that the damages You seek from the claims asserted in your Complaint in this Action exceed the sum or value of $75,000.00, exclusive of interest and costs.

2.      Admit that the damages You seek from the claims asserted in your Complaint plus (or together with) the value of obtaining the injunctive relief You seek in this Action exceed the sum or value of $75,000.00, including attorneys' fees accrued to date preparing and maintaining this Action.

3.      Admit that the damages You seek from the claims asserted in your Complaint in this Action do not exceed $75,000.00, exclusive of interest and costs.

4.      Admit that the damages You seek from the claims asserted in your Complaint plus (or together with) the value of obtaining the injunctive relief You seek in this Action do not exceed the sum or value of $75,000.00, including attorneys' fees accrued to date preparing and maintaining this Action.

5.      Admit that Your Complaint does not specify the amount of damages You seek.

Saul Ewing Arnstein & Lehr LLP
***Counsel for Pearson Education, Inc.***
701 Brickell Avenue, 17th Floor
Miami, Florida  33131
Telephone:      305-428-4500
Facsimile:      305-374-4744
E-Mail: steven.appelbaum@saul.com
             annie.rosenthal@saul.com
             jessica.barrero@saul.com
             bonnie.mcleod@saul.com
             MIA-ctdocs@saul.com


By:    */s/ Annie D. Rosenthal*
          Steven M. Appelbaum
          Florida Bar No. 71399
          Annie D. Rosenthal
          Florida Bar No. 1031335

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to all counsel of record via the Florida E-Portal and via email to Jordan Sacks, Esq., Katranis Wald & Garner, PLLC, 501 E. Las Olas Blvd, Suite 200/300, Fort Lauderdale, Florida  33301  at service@kwglegal.com; stefano@kwlegal.comand jordan@kwglegal.com, this 20th day of January 2022.


By:  */s/ Annie D. Rosenthal*
       Annie D. Rosenthal
       Florida Bar No. 1031335

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUITIN
AND FOR PALM BEACH COUNTY, FLORIDA

TARA DUNCAN,

              Plaintiff,

v.

PEARSON EDUCATION, INC.,
JOHN DOE CORPORATION, an unnamed
Corporate Entity, and JOHN DOE, an unnamed
individual in his Official and individual capacity,

              Defendants.

CASE NO. 50-2021-CA-012942-XXXX-MB

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, TARA DUNCAN, by and through the undersigned attorneys, and hereby sues Defendants, PEARSON EDUCATION, INC., (hereinafter "PEARSON"); JOHN DOE CORPORATION (hereinafter "JOHN DOE CORP"); and JOHN DOE (hereinafter "JOHN DOE"), an unnamed individual, in his Official and individual capacity, and in support thereof states the following:

**GENERAL ALLEGATIONS**

1. This is a claim for damages in excess of this Court's minimum jurisdictional amount exclusive of attorney's fees and costs.

2. At all times material hereto, Plaintiff, TARA DUNCAN, was and is a resident of the countyof this court, over the age of majority, and is otherwise sui juris.

3. At all times material hereto, Defendant, PEARSON EDUCATION, INC., was and is a Florida corporation, operating under the laws of the State of Florida, or in the alternative, had agents, employees or other representatives in Palm Beach County, Florida. That at alltimes material, this Defendant was a provider of education services engaged in digital on-line and educator professional development courses offering its services to teachers and

students worldwide.

4.    At all times material hereto, Defendant, JOHN DOE CORP, was and is a Florida corporation, operating under the laws of the State of Florida, or in the alternative, had agents, employees or other representatives in Palm Beach County, Florida.

5.    The identity of JOHN DOE CORP, will be revealed through discovery.

6.    At all times material hereto, Defendant, JOHN DOE, was employed by PEARSON and/or JOHN DOE CORP and at the time of the subject incident, JOHN DOE was within the course and scope of his employment and/or under the direction of the Defendants, PEARSON and/or JOHN DOE CORP.

7.    That at all times material, the Defendant, JOHN DOE /JOHN DOE CORP was contracted by PEARSON to assist in proctoring online remote examinations administered through PEARSON. (Contract is not in Plaintiff's possession but rather in the possession of Defendants, PEARSON and/or JOHN DOE CORP.)

8.    That at all times material a contract existed between Defendants, PEARSON and Co- Defendant JOHN DOE CORP to provide remote educational services.

9.    JOHN DOE was an employee, agent, or servant of Defendant PEARSON and was acting within the course and scope of his employment, agency, or servitude.

10.    JOHN DOE was an employee, agent, or servant of Defendant JOHN DOE CORP and was acting within the course and scope of his employment, agency, or servitude.

11.    On or about December 11, 2020, JOHN DOE was a remote examination proctor responsible for monitoring the NCBB remote examination taken by TARA DUNCAN.

12.    On or about December 15, 2020, PEARSON became aware that during the remote examination JOHN DOE required TARA DUNCAN to bring her computer to the restroom with her or otherwise fail her exam.

13.    Venue for the subject action is proper in Palm Beach County, Florida as the subject incident

occurred there and all Defendants either reside and/or do business there.

14. On December 11, 2020, Plaintiff, TARA DUNCAN, sat for the NBCC National Counselor Examination, which was proctored remotely.

15. All communications related to the examination that were directed to Ms. DUNCAN stated the exam would be proctored and administered by PEARSON. Ms. DUNCAN was reasonable in this assumption and had no basis to believe otherwise.

16. During the same time period, Ms. DUNCAN had an immediate urge to use the restroom. Ms. DUNCAN repeatedly inquired with the proctor, Defendant JOHN DOE, when there would be an opportunity for her to use the restroom.

17. Defendant JOHN DOE was made aware that Ms. DUNCAN was in physical and emotional discomfort from the need to relieve herself during the examination.

18. Defendant JOHN DOE was unable to provide Ms. DUNCAN with an answer or direction regarding when the next testing break would take place and was unwilling to inquire or seek an answer for Ms. DUNCAN while she continued to take the online exam in physical discomfort.

19. After several inquiries by Ms. DUNCAN regarding the next restroom break, Defendant JOHN DOE told Ms. DUNCAN that she could take her computer to the restroom with her while she relieved herself or otherwise fail the exam.

20. JOHN DOE specified to Ms. DUNCAN that she must leave her camera and microphone on during this period, or fail the examination.

21. Defendant PEARSON was notified by Ms. DUNCAN of the incident on or about December 15, 2020.

22. Defendant PEARSON acknowledged the inappropriate behavior and conduct of the proctor, JOHN DOE.

## COUNT I
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23.     Plaintiff, TARA DUNCAN, realleges and incorporates by reference paragraphs 1-22 as iffully set forth herein, and further alleges as follows:

24.     During the examination on December 11, 2020, the proctor, JOHN DOE, intentionally directed Ms. DUNCAN to urinate in front of him or otherwise fail her exam.

25.     Both JOHN DOE and PEARSON would know this clearly outrageous conduct to cause the intense emotional distress Ms. DUNCAN has since suffered because of these actions.

26.     The intentional, reckless, and egregious conduct of PEARSON's proctor, JOHN DOE caused Ms. DUNCAN to suffer emotional distress.

27.     The conduct of the proctor, JOHN DOE, in telling Ms. DUNCAN she was required to bring her laptop to the bathroom while she urinated was outrageous, as to go beyond all bounds of decency and regarded as odious and utterly intolerable in a civilized community.

28.     Ms. DUNCAN's use of the restroom is of such a personal and permanent nature that knowingly and intentionally preventing someone from being able to use the restroom in privacy must be considered extreme and outrageous.

29.     JOHN DOE's conduct caused severe emotional distress to Ms. DUNCAN.

30.     The emotional distress experienced by Ms. DUNCAN was severe.

31.     The conduct caused, and continues to cause, severe emotional distress for Ms. DUNCAN.

32.     Ms. DUNCAN has been damaged by this conduct in the form of severe emotional distress.

33.     As a direct and proximate result of Defendant JOHN DOE's intentional infliction of emotional distress, the Plaintiff has been required to retain the services of the undersigned attorneys, and the Plaintiff has become obligated to pay its counsel a reasonable fee for their services in bringing this action, along with necessary costs incurred.

34.     The conduct of the proctor, JOHN DOE, in telling Ms. DUNCAN she was required to bring her laptop to the bathroom while  she urinated was intentional or reckless and was

committed within the course and scope of his employment with PEARSON and JOHNDOE CORP.

35.   As a direct, proximate and foreseeable result of the intentional infliction of emotional distress to Plaintiff by JOHN DOE, the Plaintiff, TARA DUNCAN, was injured, and claims the following items of damage:

    a.   Past, present and future medical and related expenses;

    b.   Past, present and future physical and mental pain and suffering;

    c.   Past, present and future shame, humiliation, disability, discomfort, and the loss of the capacity for the enjoyment of life;

    d.   Past, present and future mental anguish, emotional distress, degradation,embarrassment and loss of dignity.

36.   The injuries and damages suffered by the Plaintiff, TARA DUNCAN, are permanent and/or continuing in their nature and TARA DUNCAN has suffered from the same in the past and will continue to suffer from the same in the future.

## COUNT II
## RESPONDEAT SUPERIOR

37.   Plaintiff realleges and incorporates by reference paragraphs 1-36 as if fully set forth herein,and further alleges as follows:

38.   Defendant PEARSON is vicariously liable for the actions of JOHN DOE under the doctrine of *respondeat superior*. PEARSON had implied and/or actual notice of JOHN DOE's inappropriate and/or illegal conduct while acting as an examination proctor therebysubjecting Plaintiff, TARA DUNCAN to harmful and inappropriate conduct.

39.   At all times material hereto, Defendant, PEARSON, owed a duty to protect students and customers, including the Plaintiff, TARA DUNCAN, from reasonably expected and/or foreseeable physical harm arising out of the activities of the ownership, management, andoperation of the Defendant's business.

40.     Defendant, PEARSON, breached the above-described duty, by and through its agents, servants, and/or employees by one or more of the following acts of omission and/or commission:

    a.   By failing to prevent, limit, and/or avoid the emotional harm upon the Plaintiff caused by Defendant's agent, servant and/or employee, JOHN DOE;

    b.   By allowing, JOHN DOE, to act on behalf of the Defendant, PEARSON;

    c.   Failing to supervise its agents, servants, and/or employees;

    d.   By implementing and/or allowing policies and procedures that allowed and/or failed to prevent its agents, servants, and/or employees from extreme and outrageous conduct inflicted;

    e.   Failing to properly train JOHN DOE, and/or other agents, servants, and/or employees of Defendant;

    f.   By failing to have policies and procedures in place for its agents, servants and employees as to how to use reasonable and ordinary care in the furtherance of the Defendant's business interests.

41.     PEARSON'S acceptance, approval and/or failure to stop the actions of its agent, servant, and/or employee on or about December 11, 2020, was deliberate, willful, and malicious with the intent to inflict emotional distress on the Plaintiff.

42.     The Defendant, PEARSON, through its agents, servants, and employees acted with reckless disregard towards the Plaintiff in allowing such outrageous conduct.

43.     The Defendant, PEARSON's approval and/or failure to stop the outrageous conduct and harassment of which it was fully aware, by its agents, servants, and/or employees was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

44.     The Defendant, PEARSON, its agents, servants, and/or employees committed these acts of

abuse while in the course and scope of their employment and with its consent and actual knowledge.

45. Defendant PEARSON and Defendant JOHN DOE CORP are responsible for the intentional infliction of emotional distress committed by Defendant JOHN DOE upon the person of Ms. DUNCAN, in that the intentional infliction of emotional distress was intentional, was committed within the course and scope of the JOHN DOE's employment with PEARSON and JOHN DOE CORP, such that the doctrine of respondeat superior applies to this action.

46. Due to the infliction of this tortious conduct upon Ms. DUNCAN, and the relationship between the perpetrator of this conduct and PEARSON, she is entitled to recovery from PEARSON.

47. The injuries and damages suffered by the Plaintiff, TARA DUNCAN, are permanent and/or continuing in their nature and TARA DUNCAN has suffered from the same in the past and will continue to suffer from the same in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, including but not limited to compensatory damages, attorney fees and costs, and the Plaintiff demands trial by jury on all issues so triable and any such other relief as this Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** a true copy of the foregoing was filed via the Florida Courts E-Filing Portal and furnished electronically pursuant to Rule 2.516, Fla. R. Jud. Admin. upon: Steven M. Appelbaum, Esq. & Annie Rosenthal, Esq., Attorneys for the Defendant, at Saul Ewing Arnstein & Lehr LLP ; 701 Brickell Avenue, 17th Floor Miami, Florida 33131, annie.rosenthal@saul.com; bonnie.mcleod@saul.com; MIA-ctdocs@saul.com;  on February 18, 2022.

Respectfully submitted,

**KATRANIS, WALD & GARNER, PLLC**
501 E Las Olas Blvd., Suite 200/300
Fort Lauderdale,  Florida  33301 Tel.:
(754) 231-8107
E-Service Email: service@kwglegal.com
Primary Email: Jordan@kwglegal.com
Secondary Email: Stefano@kwglegal.com

By: <u>/s/ Jordan Sacks, Esq.         </u>
    Jordan Sacks, Esq.
    Florida Bar No.: 122521
    Stefano Mittone, Esq.
    Florida Bar No.: 118344

# EXHIBIT B

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.:50-2021-CA-012942-XXXX-MB

TARA DUNCAN,
      Plaintiff,
vs.

PEARSON EDUCATION, INC.,
      Defendant.
_____/

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR
ADMISSIONS**

      Pursuant to Fla. R. Civ. P. 1.370, Plaintiff, TARA DUNCAN, responds and object to the First
Request for Admissions of Defendant, PEARSON EDUCATION, INC., as follows:

**GENERAL OBJECTION**

      Plaintiff objects to the definitions and instructions contained in Defendant's First Request for
Admissions to Plaintiff to the extent they purport to impose obligations beyond those imposed by the
Florida Rules of Civil Procedure.

**RESPONSES AND SPECIFIC OBJECTIONS TO PRODUCTION**

1. Admit that the damages You seek from the claims asserted in your Complaint in
   this Action exceed the sum or value of $75,000.00, exclusive of interest and costs.

   **RESPONSE: Admit.**

2. Admit that the damages You seek from the claims asserted in your Complaint plus
   (or together with) the value of obtaining the injunctive relief You seek in this Action
   exceed the sum or value of $75,000.00, including attorneys' fees accrued to date
   preparing and maintaining this Action.

   **RESPONSE: Admit.**

3. Admit that the damages You seek from the claims asserted in your Complaint in
   this Action do not exceed $75,000.00, exclusive of interest and costs.

   **RESPONSE: Denied.**

4. Admit that the damages You seek from the claims asserted in your Complaint plus
   (or together with) the value of obtaining the injunctive relief You seek in this Action do
   not exceed the sum or value of $75,000.00, including attorneys' fees accrued to date
   preparing and maintaining this Action.

   **RESPONSE: Denied.**

**5.** Admit that Your Complaint does not specify the amount of damages You seek.

    **RESPONSE: Admit.**

**<u>CERTIFICATE OF SERVICE</u>**

**WE HEREBY CERTIFY** a true copy of the foregoing was filed via the Florida Courts E-Filing Portal and furnished electronically pursuant to Rule 2.516, Fla. R. Jud. Admin. upon: Steven M. Appelbaum, Esq. & Annie Rosenthal, Esq., Attorneys for the Defendant, at Saul Ewing Arnstein & Lehr LLP ; 701 Brickell Avenue, 17th Floor Miami, Florida 33131, annie.rosenthal@saul.com; bonnie.mcleod@saul.com; MIA-ctdocs@saul.com; on February 09, 2022.

 

        Respectfully submitted,

        **KATRANIS, WALD & GARNER, PLLC**
        501 E Las Olas Boulevard, Suite 200/300
        Fort Lauderdale, Florida 33301
        Tel.: (754) 231-8107
        E-Service Email: service@kwglegal.com
        Primary Email:  jordan@kwglegal.com
        Secondary Email: Stefano@kwglegal.com

        By: /s/  Jordan Sacks, Esquire
            Jordan Sacks, Esq.
            Florida Bar No.: 122521
            Stefano Mittone, Esq.
            Florida Bar No.: 118344

# EXHIBIT C

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 21-CA-012942

TARA DUNCAN,

     Plaintiff,

v.

PEARSON EDUCATION, INC.
JOHN DOE CORPORATION, an unnamed
corporate entity, and JOHN DOE, an
unnamed individual in his official and
individual capacity,

     Defendants.

_____/

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that on February 23, 2022, Defendant PEARSON

EDUCATION, INC., filed with the Clerk of the 15th Judicial Circuit in and for Palm Beach

County, Florida, a true and correct copy of its Notice of Removal, which was filed on February

22, 2022 with the United States District Court for the Southern District of Florida. A copy of the

Notice of Removal is attached as **Exhibit "A."**

DATED: February 23, 2022.

**SAUL EWING ARNSTEIN & LEHR LLP**
*Counsel for NCS Pearson, Inc.*
701 Brickell Avenure, Suite 1700
Miami, Florida 33131
Telephone: (305) 428-4500
Facsimile: (305) 374-4744
E-Mail:    steven.appelbaum@saul.com
               Jessica.barrero@saul.com
               Annie.rosenthal@saul.com

By:  /s/   Steven M. Appelbaum

Steven M. Appelbaum
Florida Bar No. 71399
Annie D. Rosenthal
Florida Bar No. 1031335

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via the Southern District's CM/ECF Filing System and served via e-mail on February 23, 2022 upon: Jordan Sacks, Esq., Katranis, Wald & Garner, PLLC,  501 E Las Olas Blvd., Fort Lauderdale, FL 33301, service@kwgleagal.com, jordan@kwglegal.com, Stefano@kwglegal.com.

By:     /s/ Steven M. Appelbaum
Steven M. Appelbaum