UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 22-80285-CIV-CANNON

TARA DUNCAN,

    Plaintiff,

v.

NCS PEARSON, INC.,
JOHN DOE CORPORATION, an unnamed
corporate entity, and JOHN DOE, an
unnamed individual in his official and
individual capacity,

    Defendants.
_____/

**JOINT STIPULATION FOR PROTECTIVE ORDER**

Plaintiff, Tara Duncan ("Plaintiff"), and Defendant, NCS Pearson, Inc. ("Defendant") (collectively the "Parties"), hereby agree to the following procedures for the handling of documents and information exchanged in the above-styled action ("Lawsuit") which is claimed by a Party or non-party to be confidential or proprietary. The restrictions and procedures set forth herein shall govern discovery and other aspects of this Lawsuit absent an agreement in writing by the Parties or an Order of the Court.

IT IS HEREBY STIPULATED and AGREED that:

1. **Scope of Agreement**. This Confidentiality Agreement ("**Agreement**" or "**Stipulation**") governs all documents, testimony or information that are both (a) produced, disclosed, or otherwise made available to any Party in this proceeding and (b) designated by a Party or non-party (a "**Producing Party**") as "Confidential" or "Attorneys' Eyes Only" ("**Confidential Information**").

2. Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "Confidential" or "Attorneys' Eyes Only," either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3. As used herein:

(a) "**Confidential Information**" shall mean: (i) all Documents and Testimony, and all information contained therein, and other information designated as Confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as Confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients; and (ii) all Documents and Testimony, and all information contained therein, and other information designated as Attorneys' Eyes Only, if such Documents or Testimony contain particularly sensitive business or personal information, including personal identifying information or other information the disclosure of which to another Party or non-party would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as Attorneys' Eyes Only, create a substantial risk of significant harm to an individual, that Party's or non-party's business or competitive position, or the business of any of that Party's or non-party's customers or clients.

(b) "**Producing Party**" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

(c)     **"Receiving Party"** shall mean the Parties to this action and/or any nonparty receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

4.      The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material within three (3) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

5.      Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a)     the Parties and personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b)     counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff, outside translation services and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)     expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with

respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

  (d) the Court and court personnel;

  (e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

  (f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

  (g) any other person agreed to by the Producing Party.

  6. Notwithstanding paragraph 5, hereof, except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information designated as Attorneys' Eyes Only may be disclosed only to the individuals described in paragraph 5(b) through (e), and:

  (a) any trial or deposition witness if it appears that the witness authored or received a copy of the Confidential Information, was involved in the subject matter described therein or is employed by the Producing Party; and

  (b) any other person agreed to by the Producing Party.

It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to this action based on his or her evaluation of the Confidential Information designated as Attorneys' Eyes Only, provided that such advice and opinions shall not reveal the content of such Confidential Information designated as Attorneys' Eyes Only except with the prior written consent of the Producing Party or by Order of the Court.

  7. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

  8. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form of **Exhibit A** attached hereto, to comply

with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

9. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Party seeking to disclose, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. Except for Confidential Information designated as Attorneys' Eyes Only, this Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" under the terms hereof. If the need arises during any deposition, any hearing before the Court, or trial for any party to disclose Confidential Information designated as Attorneys' Eyes Only, it may do so only after giving adequate notice to the Party in order that the Party has an opportunity to object to same and have same decided by the Court prior to its use or, as appropriate, non-party designating the material as Attorneys' Eyes Only and obtaining permission from the Court or as directed by the Court. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

11. A Party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any nonparty to this case, or any portion thereof. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to five (5) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality or attorneys' eyes only privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to five (5) days after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality or attorneys' eyes only privilege. Prior to the expiration of such five (5) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

12. **Electronic Filing.**

(a) A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information shall file the document, pleading, brief, or memorandum on CM/ECF in redacted form until the Court renders a decision on any motion to seal or motion to unseal (the "Redacted Filing").

(b) In the event that the Party's (or, as appropriate, non-party's) filing includes Confidential Information produced by a Producing Party that is a non-party, the filing Party shall so notify that Producing Party within twenty four (24) hours after the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's Confidential Information unredacted.

(c) If the filing Party makes a timely motion to seal, and the motion is granted, the filing Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed

by the court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on CM/ECF. If the filing Party's motion to seal is denied, or motion to unseal is granted, then the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version pursuant to the Court's order.

(d) Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph 12 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(e) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a party as comprising or containing Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

14. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "Confidential" or "Attorneys' Eyes Only" nature, may be so designated by the party asserting the confidentiality or attorneys' eyes only privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" or "Attorneys' Eyes Only" within a reasonable time following the discovery that the document or information has been produced without such designation.

15. Extracts/excerpts and summaries of Confidential Information shall also be treated as Confidential or Attorneys' Eyes Only in accordance with the provisions of this Stipulation.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, Confidential or for Attorneys' Eyes Only. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

17. This Stipulation is entered into without prejudice to the right of any Party or nonparty to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of material as Confidential or Attorneys' Eyes Only as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

18. **Use of Information Exchanged in This Lawsuit**. All information produced or exchanged in connection with this Lawsuit, whether or not designated with a confidentiality designation under this Stipulation, shall be used solely for the purposes of conducting this Lawsuit and shall not be used for any business, commercial, competitive, personal, legal, or other purpose.

21. This Stipulation shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the Parties, continue to be binding after the conclusion of this action.

21. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

22. **Post-Litigation.** Within thirty (30) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's

option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within thirty (30) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one (1) copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

23. **Subpoenas.** If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall: (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction; and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

24. **Modifications.** This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

25. **Counterparts.** This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

26. In connection with their review of electronically stored information and hard-copy documents for production (the "Documents Reviewed") the Parties agree as follows:

   (a) to implement and adhere to reasonable procedures to ensure Documents Reviewed that are protected from disclosure ("Protected Information") are identified and withheld from production.

   (b) if Protected Information is inadvertently produced, the Producing Party shall take reasonable steps to correct the error, including a request to the Receiving Party for its return.

   (c) upon request by the Producing Party for the return of Protected Information inadvertently produced the Receiving Party shall promptly return the Protected Information and destroy all copies thereof. Furthermore, the Receiving Party shall not challenge either the adequacy of the Producing Party's document review procedure or its efforts to rectify the error, and the Receiving Party shall not assert that its return of the inadvertently produced Protected Information has caused it to suffer prejudice.

27. **Entire Agreement.** This Agreement shall constitute the sole and entire agreement of the Parties with respect to the designation, disclosure, and use by the Parties of all designed documents and information produced in this case, and it supersedes all prior and contemporaneous understandings, agreements, and representations, both written and oral.

28. **Effective and Binding.** This Agreement shall be deemed effective and binding as to each Party, its attorneys, agents, and representatives, upon execution by all Parties.

29. **Headings.** The headings and titles used throughout are for convenience only and shall not have any substantive or other effect on this Agreement.

30. **Choice of Law.** This Agreement shall be governed and construed in accordance with the laws of the State of Florida, without regard for its conflict of laws principles, and venue for any action related to this Agreement shall lie in the United States District Court for the Southern District of Florida.

SO STIPULATED:

DATED:  August 11, 2022


**Saul Ewing Arnstein & Lehr, LLP**
*Counsel for Defendant*
701 Brickell Avenue, Suite 1700
Miami, Florida 33131
Telephone: (305) 428-4500
Facsimile: (305) 374-4744
E-mail: steven.appelbaum@saul.com
jessica.barrero@saul.com
annie.rosenthal@saul.com
cindy.carhartt@saul.com

By:    */s/ Annie D. Rosenthal*
      Steven M. Appelbaum
      Florida Bar No. 71399
      Annie D. Rosenthal
      Florida Bar No. 1031335

**Katranis, Wald & Garner, PLLC**
*Counsel for Plaintiff*
501 E. Las Olas Boulevard
Fort Lauderdale, Florida 33301
Telephone: (754) 231-8107
E-mail: jjacob@kwglegal.com
service@kwglegal.com
jordan@kwglegal.com
stefano@kwglegal.com

By:    */s/ Joseph G. Jacob*
      Joseph G. Jacob
      Florida Bar No. 1010739
      Stefano Mittone
      Florida Bar No. 118344
      Jordan Sacks
      Florida Bar No. 122521