UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 22-80285-CIV-CANNON

TARA DUNCAN,

    Plaintiff,

v.

NCS PEARSON, INC.,
JOHN DOE CORPORATION, an unnamed
corporate entity, and JOHN DOE, an
unnamed individual in his official and
individual capacity,

    Defendants.
_____/

# REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF NO. 27)

Defendant NCS Pearson, Inc. ("Pearson") moves for dismissal of the Second Amended Complaint ("SAC") as a shotgun pleading and for failure to state a claim upon which relief can be granted (the "Motion"). ECF No. 27. The Motion was referred to me by the Hon. Aileen M. Cannon. ECF No. 30. I have reviewed the SAC (ECF No. 24), the Motion (ECF No. 27), the Response in Opposition to the Motion from Plaintiff Tara Duncan ("Ms. Duncan") (ECF No. 28), and Pearson's Reply (ECF No. 29). For the reasons stated herein, it is **RECOMMENDED** that the Motion be **GRANTED** without prejudice and with leave to file a Third Amended Complaint.

## PROCEDURAL BACKGROUND AND PARTIES' ARGUMENTS

Ms. Duncan filed her initial two count complaint in the Fifteenth Judicial Circuit Court, in and for Palm Beach County, Florida, on November 22, 2021, alleging

intentional infliction of emotional distress ("IIED") and respondeat superior. ECF No. 1-1 at 4-11. On February 18, 2022, Ms. Duncan filed her First Amended Complaint in state court alleging the same two causes of action. *Id.* at 16-23. Pearson filed a Notice of Removal on February 23, 2022. ECF No. 1. After obtaining leave to file an amended complaint, Ms. Duncan filed her SAC on May 3, 2022. ECF No. 24. The SAC alleges one count of IIED (Count I), one count of Negligent Infliction of Emotional Distress (Count II), one count of Negligence (Count III), one count of Invasion of Privacy (Count IV), and one count of Respondeat Superior (Count V). Ms. Duncan's claims center on the allegation that a remote proctor told her she would fail an NBCC National Counselor Examination if she went to the restroom during the exam and did not take her computer, with the camera and microphone on, with her.[1] ¶ 20-21.[2]

Pearson moved to dismiss the SAC as a shotgun pleading that fails to meet federal pleading standards under Federal Rules of Civil Procedure 8 and 10 and for failing to state a cause of action under Rule 12(b)(6). ECF No. 27 at 17. Pearson argues the SAC is a shotgun pleading because it fails to "separate each cause of action

---

[1] In reference to the same event, the SAC initially refers to an "NCBB remote examination" (¶ 12) and subsequently to an "NBCC National Counselor Examination" (¶ 15). The Court's independent research suggests the applicable exam is the National Board for Certified Counselors (NBCC) National Counselor Examination. *See National Counselor Examination*, NBCC.ORG, https://www.nbcc.org/exams/nce (last visited Sept. 9, 2022).

[2] Unless otherwise noted, all paragraph numbers correspond to the paragraphs in the SAC.

or claim for relief into different counts" and asserts "multiple claims against multiple defendants without specifying which claim(s) apply to which Defendant(s)." *Id.* at 4-9 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

In addition, Pearson argues that Counts I-III and V of the SAC should be dismissed for failure to state a claim because the count either fails to support its legal conclusions with factual allegations or fails to allege any facts in support of the claim. ECF No. 27 at 9-16. Pearson next argues Count IV of the SAC should be dismissed for failure to state a claim because (1) the SAC fails to identify the type of invasion of privacy alleged, (2) Ms. Duncan waived any right to privacy, (3) Ms. Duncan consented to taking the exam with a virtual proctor, and 4) the SAC does not and cannot allege the requisite intent for an invasion of privacy claim against Pearson. *Id.* at 15-16. Finally, Pearson argues Ms. Duncan's demand for attorney's fees and costs must be stricken because there is no statute or contract in place providing for such an award. *Id.* at 16-17.

Ms. Duncan counters that the SAC contains the requisite specificity to allow Pearson to respond to the claims against it but does not object to amending the SAC to specify the party or parties being sued in each count. ECF No. 28 at 3. Ms. Duncan argues that Pearson does not have standing to challenge Counts I-IV of the SAC because only Count V is directed at Pearson. *Id.* Ms. Duncan further argues that she has pled sufficient facts to support her causes of action and cites portions of the SAC

3

she claims constitute such facts. *Id.* at 4-8. Finally, Ms. Duncan contends that she is entitled to attorney's fees and costs pursuant to the "wrongful act doctrine." *Id.* at 8-9.

## LEGAL STANDARDS

1. <u>Rule 8 and Shotgun Pleadings</u>

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a claim must provide the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

In addition to the Rule 8 pleading requirements, Federal Rule of Civil Procedure 10(b) states in pertinent part, "If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense." "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as

4

'shotgun pleadings.'" *Weiland,* 792 F.3d at 1320. "When a plaintiff files a shotgun complaint, a district court is required to sua sponte order repleading pursuant to Federal Rule of Civil Procedure 12(e)." *McFee v. Carnival Corp.*, No. 19-22917-CIV, 2019 WL 13189061, at *5 (S.D. Fla. Sept. 16, 2019) (J. Lenard) (emphasis in original).

In *Weiland*, the Court of Appeals noted "four rough types of categories of shotgun pleadings." 792 F.3d at 1321. As relevant here, the categories included 1) "the sin of not separating into a different count each cause of action or claim for relief" and 2) "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. The common theme among all shotgun pleadings "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

    2. Rule 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555 (citations omitted). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain

5

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

> When evaluating a motion to dismiss under Rule 12(b)(6):
>
> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679. The scope of the court's review on a motion to dismiss is limited to the four corners of the complaint and the documents attached to the complaint or directly referred to in the complaint. *Jordan v. Miami-Dade Cty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) (J. King).

## **DISCUSSION**

Having reviewed the SAC, I find that it is insufficient to meet the pleading requirements of Rules 8 and 10. The SAC asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or which of the defendants is the target of the particular claim. The individual counts do not identify the applicable defendant in the header, "wherefore" clause, or otherwise. Instead, the SAC has a single clause praying for relief collectively "against Defendants." ECF No. 24 at 13. Additionally, every count of the SAC references all Defendants, either directly or by incorporation, making it unclear which of the defendants is alleged to be liable for the particular count. For example, Counts I-IV

6

incorporate allegations that the Court has jurisdiction over Defendants Pearson and John Doe Corporation while simultaneously alleging only harm caused by John Doe.[3] ECF No. 24 at 4, 6-10.

The SAC does not provide the Defendants with adequate notice of the claims brought against them. Pearson's Motion on all counts of the SAC shows that Pearson had difficulty knowing what it is alleged to have done (or not done) and why it is allegedly liable for doing (or not doing) it. Ms. Duncan clarifies in her Response that only Count V is brought against Pearson, however that conclusion is not clearly set forth in the SAC. ECF No. 28 at 3-4. Additionally, it is impossible to determine which of the remaining counts are alleged against John Doe Corporation and John Doe.[4]

Because the SAC does not give the Defendants adequate notice of the claims against them and the grounds upon which each claim rests, the SAC is subject to dismissal as a shotgun pleading. *See Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 664 (11th Cir. 2019) (dismissing plaintiff's second amended complaint where "it [was] completely unclear which of the factual allegations set forth in the. . . complaint pertain[ed] to which of Plaintiff's claims or to which Defendant").

---

[3] The SAC is devoid of jurisdictional allegations with respect to John Doe.

[4] Although not raised by the parties, the Court notes that the Eleventh Circuit disfavors fictitious-party pleading. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court."); *See also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").

Count V of the SAC is also independently subject to dismissal as a shotgun pleading because it "commits the sin of not separating into a different count each cause of action or claim for relief." *McFee*, 2019 WL 13189061, at *4 (collecting cases). Count V of the SAC lists six ways Pearson allegedly breached a duty to Ms. Duncan under a theory of respondeat superior. ¶ 61. Ms. Duncan's separate theories of liability must be pled separately. *McFee*, 2019 WL 13189061, at *4.

For these reasons, the SAC must be dismissed. I recommend that Ms. Duncan be given one final opportunity to properly plead her claims. *See Nichols v. Carnival Corp.*, 423 F. Supp. 3d 1316, 1325 (S.D. Fla. 2019) (J. Ungaro) ("When a litigant, represented by counsel, files a shotgun pleading, a district court must give her one chance to replead before dismissing her case with prejudice on non-merits shotgun pleading grounds. After that one 'opportunity to replead comes and goes,' the district court can dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend.") (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018)). Each count of any Third Amended Complaint should specify which claims are against each Defendant and the grounds upon which each claim rests and should ensure that separate causes of action are separated into different counts.

Because the SAC should be dismissed as a shotgun pleading, I need not reach the parties alternative arguments for dismissal. *See Curfman v. Ocwen Fin. Servicing, LLC*, No. 19-80408-CV, 2019 WL 13089701, at *2 (S.D. Fla. Sept. 10, 2019) (J. Middlebrooks). In light of Ms. Duncan's opportunity to amend, I likewise need not

decide whether Ms. Duncan's demand for attorney's fees and costs should be stricken due to her failure to allege the basis for her request. *See Joyce v. McCord*, No. 08-80749-CIV, 2009 WL 10667026, at *1 (S.D. Fla. May 14, 2009) (J. Ryskamp) (striking a request for attorney's fees and costs brought pursuant to the wrongful act doctrine due to plaintiff's failure to specifically plead special damages and allege the basis for its request for fees and costs). When filing a Third Amended Complaint, Ms. Duncan should keep in mind what must be alleged to state a plausible claim, including the requisite specificity of her allegations.

## RECOMMENDATION

WHEREFORE, the undersigned **RECOMMENDS** that Defendant NCS Pearson, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 27) be **GRANTED WITHOUT PREJUDIC**E and with leave to file a Third Amended Complaint.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of September, 2022.

_____
BRUCE E. REINHART
United States Magistrate Judge