# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

TARA DUNCAN            Case No.: 22-80285-CV-CANNON/Reinhart

    Plaintiff,

vs.

NCS PEARSON, INC., BAYO ADENIYI
and DEPENDABLE TESTING CENTER

    Defendants.
_____/

## DEFENDANT BAYO ADENIYI AND DEPENDABLE TESTING CENTER'S AMENDED MOTION TO QUASH SERVICE

Defendant, Bayo Adeniyi ("Adeniyi") and Dependable Testing Center ("DTC"), pursuant to Federal Rule of Civil Procedure 4(h), moves to quash service of process and states the following:

### I. Introduction

Plaintiff failed to effect service of the Summons and Complaint on Adeniyi and DTC because they did not serve Adeniyi or any an officer of the company as required by Federal Rule of Civil Procedure 4(h). Instead, the Plaintiff, through their process server, served two unknown individuals at addresses that are not affiliated with the Defendants.

Plaintiff's counsel knew or should have known that service would be ineffective against both the Defendants, yet, they moved to obtain a clerk's default despite having received our limited notice of appearance and two emails asking for a conference to meet and confer.

## II. Facts

DTC is a sole proprietorship that operates out of and does business in New York. DTC is owned and operated by Adeniyi. Plaintiff filed a Complaint against DTC and Adeniyi alleging various tort claims. According to the return of service affidavit Plaintiff filed with the Court, on April 17, 2023, Plaintiff's counsel alleges that the Defendant Adeniyi was served in accordance with Federal Rule of Civil Procedure. (DE 66) Plaintiff made the same allegations as it relates to DTC. (DE 67)

## III. Process of Service on Adeniyi

On January 6, 2023, the Deputy Clerk issued a Summons for Adeniyi. On February 27, 2023, Brendan Long stated that he posted the documents to the door per client's request at 45 N Village Ave., 2C, Rockville Centre, NY 11570. (DE 58) This clearly is not personal service as it relates to Adeniyi.

## IV. Process of Service for DTC

On January 6, 2023, the Deputy Clerk issued a Summons for DTC. On January 31, 2023, Brendan Long stated that he left the summons at the individual's

residence or usual place of abode with Marie Galyea. (DE 59) First, DTC is a company and does not have a place of abode. Second, DTC is not aware of an individual by the name of Marie Galyea nor is she the registered agent of DTC.

## V. **Discussion**

Federal Rule of Civil Procedure 4(e) governs service of process on individual defendants in the United States. It provides, in part, that an individual

> *An individual may be served in a judicial district of the United States by:*
> 1. *Following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or*
> 2. *Doing any of the following:*
>    a. *Delivering a copy of the summons and of the complaint to the individual personally;*
>    b. *Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or*
>    c. *Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.*

As it relates to Adeniyi, none of these procedures were followed. First, the affidavit filed by Brendan Long states that the documents were left affixed to the door per client's request. There is no mention that individual service was done, that the documents were left with someone at Adeniyi's residence or with an authorized agent. Moreover, as reflected in the affidavit filed herewith, Adeniyi does not reside at the address of 45 N. Village Ave, #2C, Rockville Centre, NY 11570. In fact, that is not even a residential address.

Second, Plaintiff failed to properly serve DTC pursuant to Federal Rule of Civil Procedure. Federal Rule of Civil Procedure 4(h) governs service of process on a Corporation, Partnership, or Association. It states in pertinent part,

*a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served,*
 1. *In a judicial district of the United States:*
    a. *In a matter prescribed by Rule 4(e)(1) for serving an individual; or*
    b. *By delivering a copy of the summons and of the complaint to an officer, or managing or general agent, or any other agent authorized by appointment or by law to receive service of process…*

Here, the Plaintiff alleges that they served DTC by leaving a summons at the individual residence or usual place of abode with Marie Galyea, a person of suitable age and discretion. As reflected in the attached affidavit, Marie Galyea does not reside at the residence with the owner of DTC or was permitted by law to accept service. Additionally, Galyea is not the registered agent of DTC. Furthermore, Galyea is not an officer or managing or general agent of DTC.

## Conclusion

DTC and Adeniyi respectfully request that the Court quash service of process and set aside the Clerk's Default, and award attorney fees for the filing of this action.

## Certificate of Conference

I hereby certify that I have conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

Respectfully submitted,

By:   /s/ Elias R. Hilal
Elias R. Hilal, Esq. (FBN 60337)
E-mail Address: elias.hilal@erhlaw.com
Law Office of Elias R. Hilal, P.A.
12 SE 7th Street, Suite 700
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2065
Facsimile:  (954) 337-0117
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2023, a true and correct copy of the foregoing **MOTION TO QUASH SERVICE** was filed electronically with the Clerk of the Court for the Southern District of Florida using the CM/ECF system, which will send electronic notice to all counsel of record on the service list.

By: /s/ Elias R. Hilal
    Elias R. Hilal, Esq.
    Attorney for Defendants