**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 22-80285-CIV-CANNON/Reinhart**

**TARA DUNCAN**,

Plaintiff,

v.

**NCS PEARSON, INC.,**
**BAYO ADENIYI,** and
**DEPENDABLE TESTING CENTER**,

Defendants.
_______________________________/

**ORDER GRANTING DEFENDANT**
**NCS PEARSON, INC'S MOTION TO DISMISS COUNTS V–VII**

**THIS CAUSE** comes before the Court upon the Renewed[1] Motion to Dismiss Plaintiff's Third Amended Complaint (the "Motion"), filed by Defendant NCS Pearson, Inc. [ECF No. 61].[2] The Motion seeks dismissal of Counts V, VI, VII of Plaintiff's Third Amended Complaint [ECF No. 37]. The Court has reviewed the Motion [ECF No. 61], Plaintiff's Response in Opposition [ECF No. 72], Defendant NCS Pearson, Inc.'s Reply [ECF No. 75], and the full record. For the reasons set forth below, the Motion [ECF No. 61] is **GRANTED**, and Counts V, VI, and VII of Plaintiff's Third Amended Complaint [ECF No. 37] are **DISMISSED WITH PREJUDICE**.

---

[1] Defendant NCS Pearson previously filed a Motion to Dismiss that was denied without prejudice "to allow all Defendants to be served with the Third Amended Complaint" in compliance with the Court's Order Requiring Combined Responses [ECF No. 44].

[2] Defendants Bayo Adeniyi and Dependable Testing Center have filed a separate Motion to Dismiss Plaintiff's Third Amended Complaint [ECF No. 92], which remains pending before the Court.

## FACTUAL BACKGROUND

The following facts are drawn from Plaintiff's Third Amended Complaint (the "TAC") [ECF No. 37] and accepted as true for purposes of this Order.

This case arises from an incident that occurred when Plaintiff Tara Duncan took the NBCC National Counsel Examination on December 11, 2020 [ECF No. 37 ¶ 20]. The examination was proctored remotely and administered by Defendant NCS Pearson, Inc. ("Pearson") [ECF No. 37 ¶¶ 20–21]. Pearson entered into a contract with Defendant Dependable Testing Center ("Dependable") under which Dependable would "assist in proctoring online remote examinations administered through Pearson" [ECF No. 37 ¶¶ 13–14]. Defendant Bayo Adeniyi, a remote examination proctor employed by Dependable, was responsible for proctoring the NBCC examination taken by Plaintiff on December 11, 2020 [ECF No. 37 ¶¶ 8, 19].

At some point during the remote examination, Plaintiff "had an immediate urge to use the restroom" [ECF No. 37 ¶ 22]. Plaintiff was "in physical and emotional discomfort" and asked Adeniyi repeatedly when there would be a break in the examination or other opportunity for her to use the restroom [ECF No. 37 ¶¶ 22–23]. Adeniyi could not provide Plaintiff with an answer and "was unwilling to inquire or seek an answer" for Plaintiff, leaving her to continue the examination "in physical discomfort" [ECF No. 37 ¶ 24].

After Plaintiff made several inquiries, Adeniyi told Plaintiff that "she could take her computer to the restroom with her while she relieved herself or otherwise fail the examination" [ECF No. 37 ¶ 25]. Adeniyi told Plaintiff that "she must leave her camera and microphone on during this period or [she would] fail the examination" [ECF No. 37 ¶ 26].

The examination was video recorded by Defendants [ECF No. 37 ¶ 27]. In December 2020, Pearson became aware that Adeniyi had required Plaintiff to take her computer to the restroom with her during the examination [ECF No. 37 ¶ 28]. The video containing Plaintiff

urinating was distributed internally to "multiple employees and/or agents" of Pearson [ECF No. 37 ¶ 29].

**PROCEDURAL HISTORY**

Based on these allegations, Plaintiff filed a two-count First Amended Complaint ("FAC") in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida [ECF No. 1-1 pp. 16–23].[3] The FAC named Pearson as a defendant alongside John Doe and a John Doe Corporation and sought damages for intentional infliction of emotional distress [ECF No. 1-1 pp. 16–23]. Plaintiff also alleged that Pearson was liable for the actions of the John Does under the doctrine of respondeat superior [ECF No. 1-1 pp. 16–23]. Pearson timely removed the case to this Court [ECF No. 1] and filed an Answer to the FAC [ECF No. 13].

On May 2, 2022, with Court approval, Plaintiff filed a Consented Motion to File a Second Amended Complaint [ECF No. 21], which sought to add "additional counts based on the same facts" [ECF No. 21 p. 2; ECF No. 23]. The Second Amended Complaint (the "SAC") added three new counts (negligent infliction of emotional distress, negligence, and invasion of privacy) [ECF No. 24]. Pearson then filed a Motion to Dismiss [ECF No. 27], which the Court referred to Magistrate Judge Bruce E. Reinhart for a report and recommendation [ECF No. 30]. Magistrate Judge Reinhart issued a Report (the "Report") recommending that the SAC be dismissed, with one final opportunity to replead [ECF No. 33]. Specifically, the Report found that the SAC was a shotgun pleading that failed to meet the "pleading requirements of Rules 8 and 10" [ECF No. 33 pp. 6–7]. The Court ultimately accepted the unobjected-to Report, dismissed the SAC without prejudice, and granted Plaintiff one final opportunity to file a compliant amended pleading [ECF No. 36 p. 2].

---

[3] Prior to filing the FAC, Plaintiff filed her original Complaint in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, naming the same parties and alleging the same counts as the FAC [ECF No. 1-1 pp. 4–11].

On October 14, 2022, Plaintiff filed the operative TAC, naming Adeniyi and Dependable as Defendants alongside Pearson [ECF No. 37]. As relevant to the instant Motion, the TAC asserts the following claims against Pearson:[4]

- Pearson is vicariously liable for the actions of Defendants Adeniyi and Dependable under the doctrine of respondeat superior [ECF No. 37 ¶¶ 58–61] (**Count V** – Respondeat Superior as to Defendant Pearson)
- Pearson invaded Plaintiff's privacy by recording, maintaining, and saving a video of Plaintiff using the restroom during the examination [ECF No. 37 ¶¶ 62–70] (**Count VI** – Invasion of Privacy: Intrusion Against Defendant Pearson); and
- Pearson's negligent training and supervision of Defendant Adeniyi and Dependable was the proximate cause of Plaintiff's injuries [ECF No. 37 ¶¶ 71–78] (**Count VII** – Negligent Training/Supervision as to Defendant Pearson)

On April 25, 2023, Pearson filed the instant Motion, seeking dismissal of Counts V–VII of the TAC under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 61]. The Motion is ripe for adjudication [ECF Nos. 72, 75].

**LEGAL STANDARD**

Rule 8(a)(2) requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545). Conclusory allegations,

[4] The remaining counts (Counts I, II, III, and IV and VIII) are lodged against Defendants Adeniyi and Dependable [ECF No. 37 ¶¶ 31–57, 79–85].

unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

**DISCUSSION**

Upon a review of Counts V, VI, and VII of the TAC, the Court agrees with Pearson that the allegations in the TAC fail to meet the requirements of Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. The Court addresses each count in turn.

**Count V**

Count V is due to be dismissed for two reasons: it violates the shotgun pleading prohibition on incorporating all preceding allegations, and it fails to state a claim upon relief can be granted. Complaints that incorporate all preceding allegations are impermissible "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). Here, despite being warned about the rules against shotgun pleadings [ECF No. 33], Count V incorporates the allegations of Counts I, II, III, and IV (i.e., paragraphs 1–55) [ECF No. 37 p. 9]. Plaintiff does not dispute this but argues that such incorporation is "necessary" because it places Pearson on notice of the conduct for which it is vicariously liable [ECF No. 72 p. 3]. As Pearson points out, however, "it is paragraphs 1–30 that set forth the conduct of other defendants for which Plaintiff seeks to hold Pearson liable" [ECF No. 75 p. 2]. Count V of the TAC continues to suffer from shotgun pleading style deficiencies, and the Court has an independent obligation to dismiss such a count. *See Ain Jeem, Inc. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule A*, No. 21-CV-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021) (citing cases). Count V is due to be dismissed on this basis alone.

Count V also fails to state a claim upon which relief can be granted. "Under the doctrine of respondeat superior, an employer cannot be held liable for the tortious or criminal acts of an employee, unless the acts were committed during the course of the employment and to further a

purpose or interest, however excessive or misguided, of the employer." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009) (internal quotation marks omitted). Action is within the scope of employment if it is: "(1) is of the kind the employee was employed to perform; (2) occurred within the time and space limits of the employee's employment; and (3) was activated at least in part by a purpose to serve the employment." *Id.* Here, the TAC contains no allegations demonstrating that Defendants Adeniyi and Dependable's actions fell within the scope of their employment with Pearson, or even what the scope of that employment relationship was. The TAC merely states in conclusory terms that Pearson is responsible for the harm committed by Defendants Adeniyi and Dependable "in that the harm was committed within the scope of [Defendants'] employment and/or agency with Pearson such that the doctrine of *respondeat superior* applies to this action" [ECF No. 37 ¶¶ 58–59]. But the TAC contains no facts demonstrating that Defendants' actions were of the type they were employed to perform; that the actions occurred within the time and space limits of Defendants' employment; or that Defendants' actions were done in part to serve the employment. *See Mazer*, 556 F.3d at 1271. Count V therefore fails to state a plausible claim for relief under the doctrine of respondeat superior.

**Count VI**

The Court agrees with Pearson that Count VI fails to state a claim upon which relief can be granted under Rule 12(b)(6) [ECF No. 61 pp. 7–8].

Count VI seeks to hold Pearson liable for an "intrusion and invasion of Plaintiff's privacy" [ECF No. 37 ¶ 70]. Under Florida law, the common law tort of intrusion occurs when a "person '*intentionally* intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person.'" *Jackman v. Cebrink-Swartz*, 334 So. 3d 653, 656 (Fla. Dist. Ct. App. 2021), *review denied*, No.

SC21-913, 2021 WL 4240567 (Fla. Sept. 17, 2021) (alteration in original) (emphasis added) (quoting Restatement (Second) of Torts § 652B (Am. L. Inst. 1977)).

Here, Plaintiff alleges that Pearson committed the tort of intrusion when it recorded Plaintiff urinating during the examination [ECF No. 37 ¶¶ 62–70]. Accepting that Plaintiff's bathroom is a place of "seclusion" [ECF No. 37 ¶ 62], the allegations in the TAC are not sufficient to plausibly state a claim for intrusion as to Pearson. The TAC is devoid of any allegation that Pearson intentionally entered Plaintiff's bathroom during the examination. The facts alleged in the TAC relating to Plaintiff's use of the restroom during the examination are tied to Defendant Adeniyi and concern, for example, Defendant Adeniyi being unable to provide Plaintiff with an answer on when the next testing break would be; Defendant Adeniyi telling Plaintiff that she could take her computer with her to the restroom; and Defendant Adeniyi specifying that Plaintiff had to leave her camera and microphone on or she would fail the examination [ECF No. 37 ¶¶ 24–26]. Without expressing an opinion on whether those allegations sufficiently plead an intrusion-on-seclusion claim against Defendant Adeniyi, the TAC is devoid of allegations tying Pearson to any such intrusion during the time of the examination. Indeed, the TAC makes clear that Pearson did not know that any such intrusion allegedly occurred until December 15, 2020, four days after the examination took place [ECF No. 37 ¶ 28; *see also* ECF No. 37 ¶ 20 (stating that the examination occurred on December 11, 2020)]. While Plaintiff also alleges that Pearson committed an additional "electronic" intrusion into Plaintiff's seclusion when it "distributed the recording of [Plaintiff's] urination to several of its agents and employees" [ECF No. 37 ¶ 65], the TAC fails to allege how Pearson intended to invade Plaintiff's seclusion when it engaged in such distribution. The TAC generally alleges that Pearson "record[ed], stor[ed], and maintain[ed]" the video of the entire examination but provides no factual content from which to plausibly show that Pearson intentionally selected the portion of the recording relating to Plaintiff's urination for

distribution, beyond the general distribution of the examination for grading or other legitimate purposes [ECF No. 37 ¶ 63]. In sum, the TAC—which constitutes Plaintiff's fourth attempt to plead her claims [ECF Nos. 1-1 pp. 4 –11; ECF No. 1-1 pp. 16–23; ECF Nos. 24, 37]—provides insufficient allegations that Pearson, in distributing the video, had the intent to intrude on Plaintiff's seclusion as would be required to state a tort claim for intrusion. *See Scott v. Otis Elevator Co*., 572 So. 2d 902, 903 (Fla. 1990) (noting that liability for an intentional tort requires that the individual have the "intent to bring about a result which will invade the interests of another in a way that the law forbids"). Count VI is due to be dismissed pursuant to Rule 12(b)(6).

**Count VII**

Count VII impermissibly commingles two theories of liability together and therefore constitutes a shotgun pleading. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23. Count VII, by its title, seeks damages for Pearson's negligent training *and* negligent supervision [ECF No. 37 p. 11]. As such, it fails to give Pearson "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Id.* at 1323. Plaintiff acknowledges this error and requests "one additional opportunity to amend its complaint in this matter to address this issue" [ECF No. 72 p. 5]. The Court is not persuaded. As indicated above, Judge Reinhart's Report on the SAC, which the Court previously accepted without objection [*see* ECF No. 36], specifically identified the problem of commingling theories of liability in a single count [ECF No. 33 p. 8]. Yet Plaintiff failed to correct that error when she filed the TAC, which the Court indicated would be her "**final opportunity to cure the pleading deficiencies set forth in the Report**" [ECF No. 36 p. 2 (emphasis in original)]. This repeated failure is sufficient to warrant dismissal of Count VII.

In any event, and in the alternative, Count VII is due to be dismissed under Rule 12(b)(6) for the reasons stated by Pearson in its Motion to Dismiss, specifically, that the TAC does not allege what training program Pearson allegedly failed to adequately implement and does not allege that Pearson was aware of a need to further supervise Adeniyi [ECF No. 61 pp. 9–11]. Notably, Plaintiff does not attempt to defend the merits of Count VII, does not ask to amend the TAC to correct any deficiencies present under Rule 12(b)(6), and fails to provide any additional factual details that Plaintiff would include in any forthcoming amended pleading [*See* ECF No. 72 p. 5]. As such, the Court declines to extend Plaintiff a fifth opportunity plead her claims. Count VII is due to be dismissed with prejudice.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant NCS Pearson, Inc.'s Renewed Motion to Dismiss Plaintiff's Third Amended Complaint [ECF No. 61] is **GRANTED**.
2. Plaintiff's claims against Defendant NCS Pearson, Inc. (Counts V, VI, and VII) are **DISMISSED WITH PREJUDICE**.[5]
3. The Clerk of Court shall **TERMINATE** Defendant NCS Pearson, Inc. from this action.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 10th day of October 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

[5] The Court previously granted Plaintiff "**one final opportunity to cure [her] pleading deficiencies**" [ECF No. 36 p. 2 (emphasis in original)]. Counts V, VI, and VII of Plaintiff's Third Amended Complaint [ECF No. 37] remain deficient and thus are due to be dismissed with prejudice.